IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DONTEZ RASHAWN HUDSON,**

    **Movant,**

v.                                       **Case No.:  3:10-cv-00981**
                                            **(Criminal Case No.: 3:08-cr-00260)**

**UNITED STATES OF AMERICA**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion for an Order Finding Waiver of Attorney-Client Privilege and Motion to Compel Production of Records (Docket No. 64).  For the reasons that follow, the Court **GRANTS**, **in part,** and **DENIES, in part,** the Motion.

**I.**     **OPINION**

In April 2009, Movant pleaded guilty to a one count indictment of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 108 months of imprisonment, three years of supervised release, and a $100 assessment.  He is currently incarcerated at Federal Correctional Institution (FCI) McKean in northwest Pennsylvania.  Movant did not appeal his conviction or sentence, but filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,  (Docket No. 47), and a supporting memorandum (Docket No. 61).  In the Motion, Movant alleges that he received ineffective assistance of counsel. According to Movant, his trial lawyer, Mr. Kerry Nessel ("Nessel"), was

constitutionally ineffective because he (1) failed to file an appeal although Movant requested that one be filed; (2) failed to adequately inform Movant of the alternatives to entering into a plea agreement; and (3) failed to pursue a clearly plausible defense strategy at the sentencing hearing. (*Id.*). In further support of his Motion, Movant filed an affidavit detailing the substance of several conversations that occurred between Movant and Nessel, which are indisputably relevant to the issues in dispute in this case. (Docket No. 61-1). Consequently, the United States filed the instant Motion requesting the Court to find that Movant waived the attorney-client privilege that governed his communications with Nessel. The government seeks unlimited access to Nessel's file on Movant's case, as well as the ability to engage in *ex parte* and extrajudicial communications with Nessel regarding his contacts with Movant.

When considering the United States' Motion, the Court must take into account the professional and ethical responsibilities of Movant's attorney, as well as the obligation of the Court to ensure a fair, orderly and efficient judicial proceeding. Without doubt, Nessel has a basic duty under any jurisdiction's standards of professional conduct to protect Movant's attorney-client privilege. Rule 83.7 of the Local Rules for this District provides that:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ("ABA") Model Rules of Professional Conduct address the confidentiality of information shared between an

attorney and his or her client. *See* West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Moreover, on July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding authority on the Court, *See, e.g., Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.,* 213 F.R.D. 422, 430 (D. Kan 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party.

Upon examining the provisions of West Virginia's Rule of Professional Conduct 1.6, the Court notes that 1.6(b)(2) permits a lawyer to "reveal such

information [relating to the representation of a client] to the extent the lawyer reasonably believes necessary ...  to respond to allegations **in any proceeding** concerning the lawyer's representation of a client." (Emphasis added). In the Comment that follows the Rule, the Supreme Court of Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." Ultimately, however, the Court acknowledges that the lawyer must comply with orders of a court of competent jurisdiction, which require the lawyer to disclose information about the client.  Similarly, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations **in any proceeding** concerning the lawyer's representation of the client." (Emphasis added).  Furthermore, Model Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order."  In view of these provisions, the Court finds that Nessel may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this Court or to respond to the allegations of ineffective representation.

Having addressed the professional responsibilities of Nessel, the Court turns to its authority and obligations. As previously noted, federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly

ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in *Bittaker,* Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a Federal proceeding. Rule 502(a), which became effective in September 2008,[2] provides in relevant part:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Here, Movant intentionally waived the attorney-client privilege that attached to his conversations with Nessel by setting out in detail the substance of those communications in his memorandum and supporting affidavit. Accordingly, in regard to the particular discussions referenced by Movant, a subject matter waiver of the privilege attendant to those particular conversations should be permitted in fairness to the United States.

Nonetheless, the Court retains authority to issue a protective order governing production of the privileged information, including the method by which the currently undisclosed communications will be disclosed. *See* Rule 12, Rules

---

[1] *See also United States v. Pinson,* 584 F.3d 972 (10th Cir. 2009); *In re Lott,* 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama,* 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States,* 2011 WL 2693915 (D.S.C.); *Mitchell v. United States,* 2011 WL 338800 (W.D. Wash).

[2] The Federal Rules of Evidence are applicable in a § 2255 proceeding "to the extent that matters of evidence are not provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority." FRE 1101(e). *See also U.S. v. Torrez-Flores,* 624 F.2d 776 (7th Cir 1980); *United States v. McIntire,* 2010 WL 374177 (S.D. Ohio); *Bowe v. United States,* 2009 WL 2899107 (S.D. Ga.); *Rankins v. Page,* 2000 WL 535960 (7th Cir.); *Ramirez v. United States,* 1997 WL 538817 (S.D.N.Y). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege.

Governing § 2255 Proceedings; FRCP 26(c); and FRE 503(d); *See also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. In order to determine whether an evidentiary hearing is necessary, an affidavit submitted by Mr. Nessel would be useful to the Court. Moreover, an affidavit should supply the basic information required by the United States to allow it to respond to Movant's Motion to vacate, set aside, or correct a sentence while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege. In addition, specific court imposed limitations on the use of the privileged information are necessary to protect Movant's future interests. As noted by the Fourth Circuit in *United States v. Nicholson, supra* at 217, citing *Bittaker v. Woodford, supra* at 722-723 (9th Cir. 2003), a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a § 2255 proceeding is entirely justified, because otherwise the movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." Accordingly, the Court finds that requiring Attorney Nessel to respond by affidavit to certain aspects of the allegations contained in the Motion and supporting documents filed by Movant, while limiting the use of the affidavit, strikes a fair balance between the competing interests of the parties, counsel, and the Court.

## II. <u>ORDER</u>

Therefore, for the forgoing reasons, the Court **ORDERS** Movant's trial counsel, Mr. Kerry Nessel, to file within thirty (30) days from the date of this Order

an affidavit in this civil action, which sufficiently addresses the substance of the following alleged conversations detailed by Movant in his affidavit (Docket No. 61-1):

1. The conversation in which Movant requested that an appeal be filed. (*See* paragraph 13, Docket No. 61-1);

2. The conversation in which the plea agreement was discussed. (*See* paragraph 9, Docket No. 61-1); and

3. The conversations in which the presentence report was discussed. (*See* paragraphs 10 and 11, Docket No. 61-1).

In preparing this affidavit, counsel should bear in mind the limitations contained in ABA Formal Opinion 10-456 and the applicable Rules of Professional Conduct and should disclose only that information reasonably necessary to ensure the fairness of these proceedings. The Court further **ORDERS** that the attorney-client privilege, which attaches to the communications between Movant and Mr. Nessel, shall not be deemed waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this § 2255 proceeding. The affidavit supplied by Mr. Nessel shall be limited to use in this § 2255 proceeding and the Defendant is prohibited from using the privileged information disclosed therein **for any other purpose**. *See* FRE 503(d). The Court **DENIES** the government's request to speak with Mr. Nessel, outside of the presence of Movant and the Court, regarding his representation of Movant and likewise **DENIES** the government's request for documents in the possession of Mr. Nessel pertaining to his representation of Movant, with the exception of the affidavit ordered to be filed herein.

The United States shall have twenty one (21) days after Mr. Nessel files his affidavit in which to file its Response to Movant's Motion to vacate, set aside, or

correct sentence. Movant shall have twenty one (21) days after filing of the Response by the United States in which to file a Reply, if any.

The Clerk is instructed to provide a copy of this Order to Movant, counsel of record, and Mr. Kerry Nessel.

**ENTERED:** August 22, 2011.

Cheryl A. Eifert
United States Magistrate Judge